IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA VICTORIA MENDEZ,

    Plaintiff,

v.

GREENPOINT MORTGAGE FUNDING INC, et al.,

    Defendants.

No. 2:12-cv-01491 JAM DAD PS

<u>ORDER</u>

    Plaintiff, proceeding pro se, commenced this action on June 4, 2012, by paying the required filing fee and filing a complaint.  (Doc. No. 1.)  The matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

    On August 31, 2012, this matter came before the court for hearing of defendants' motions to dismiss.  Although plaintiff failed to file an opposition or a statement of non-opposition to any of the motions to dismiss filed by the defendants, plaintiff Maria Mendez appeared on her own behalf at the hearing.[1]  The court advised plaintiff of her obligation to file

---

[1] Plaintiff informed the court, through her husband who was also present at the hearing, that she does not speak English.  The court allowed Mr. Mendez to serve as plaintiff's unofficial translator.

opposition, if any, to defendants' motions to dismiss. Plaintiff stated that she wished to retain counsel and had a scheduled appointment to meet with an attorney.

Accordingly, on September 6, 2012, the undersigned issued an order continuing the hearing of defendants' motions to dismiss to October 5, 2012, and ordering plaintiff, either on her own behalf or through counsel, to file either an opposition to defendants' various motions to dismiss or a notice of voluntary dismissal by September 21, 2012. (Doc. No. 27.) Despite being served with that order plaintiff did not file either an opposition to defendants' motions to dismiss or a notice of voluntary dismissal by September 21, 2012.[2]

On October 5, 2012, this matter again came before the undersigned on defendants' various motions to dismiss. Despite having had ample time to do so, plaintiff did not file written opposition or a statement of non-opposition to the motions to dismiss and did not appear at the hearing of the motions, nor did anyone appear on her behalf.

Pursuant to the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Id. Failure to appear at the hearing of a properly noticed motion may be deemed withdrawal of any written opposition that was timely filed, in the discretion of the court, or may result in the imposition of sanctions. Local Rule 230(i). Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is bound by the Federal Rules of

---

[2] Moreover, the September 6, 2012 order was consistent with verbal orders issued by the undersigned to plaintiff at the August 31, 2012 hearing. In this regard, despite being ordered at the August 31, 2012 hearing to file either an opposition to defendants' motions to dismiss or a notice of voluntary dismissal by September 21, 2012, plaintiff nonetheless failed to do so.

Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has failed to comply with Local Rule 230. In light of plaintiff's pro se status and in the interests of justice, the court will provide plaintiff with an opportunity to show good cause for her conduct along with a final opportunity to indicate her intention, if any, to prosecute this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall, no later than October 24, 2012, either show good cause in writing for failing to respond to defendants' motions and shall show why sanctions should not be imposed on her for failing to file timely opposition to the pending motions, or she shall file a notice of voluntary dismissal;

2. Any response to this order must be filed with the court and served on defendants' attorneys of record; and

3. Plaintiff is cautioned that failure to file and serve a written response to this order, will be deemed a statement of non-opposition to the granting of defendants' motions to dismiss this action without leave to amend and will also constitute grounds for imposing appropriate sanctions, specifically the dismissal of this action with prejudice for failure to comply with court orders and applicable rules and for lack of prosecution. See Fed. R. Civ. P. 41(b).

DATED: October 5, 2012.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\mendez1491.osc.