IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA VICTORIA MENDEZ,

    Plaintiff,                          No. 2:12-cv-01491 JAM DAD PS

    v.

GREENPOINT MORTGAGE           FINDINGS AND RECOMMENDATIONS
FUNDING INC, et al.,

    Defendants.

_____/

        Plaintiff, proceeding pro se, commenced this action on June 4, 2012, by paying the required filing fee and filing a complaint. (Doc. No. 1.) The matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

        On August 31, 2012, this matter came before the court for hearing of defendants' motions to dismiss. Although plaintiff failed to file an opposition or a statement of non-opposition to any of the motions to dismiss filed by the defendants, plaintiff Maria Mendez appeared on her own behalf at that hearing.[1] The court advised plaintiff of her obligation to file

---

[1] Plaintiff informed the court, through her husband who was also present at the hearing, that she does not speak English. The court allowed Mr. Mendez to serve as plaintiff's unofficial translator at that hearing.

1

1  opposition, if any, to defendants' motions to dismiss. Plaintiff stated that she wished to retain
2  counsel and had a scheduled appointment to meet with an attorney.
3         Accordingly, on September 6, 2012, the undersigned issued an order continuing
4  the hearing of defendants' motions to dismiss to October 5, 2012, and ordering plaintiff, either on
5  her own behalf or through counsel, to file either an opposition to defendants' various motions to
6  dismiss or a notice of voluntary dismissal by September 21, 2012. (Doc. No. 27.) Despite being
7  served with that order, plaintiff did not file either an opposition to defendants' motions to dismiss
8  or a notice of voluntary dismissal by September 21, 2012.[2]
9         On October 5, 2012, this matter again came before the undersigned on defendants'
10 various motions to dismiss. Despite having had ample time to do so, plaintiff did not file written
11 opposition or a statement of non-opposition to the motions to dismiss and did not appear at the
12 hearing of the motions, nor did anyone appear on her behalf.
13         In an order issued October 10, 2012, the undersigned ordered plaintiff to show
14 cause in writing no later than October 24, 2012, as to why sanctions should not be imposed on
15 her for failing to file timely opposition or non-opposition to the pending motions to dismiss and
16 for failing to appear at the properly noticed hearing of that motion. (Doc. No. 31 at 3.) Plaintiff
17 was cautioned that failure to file and serve a written response to that order would be deemed a
18 statement of non-opposition to the granting of defendants' motions to dismiss this action without
19 leave to amend and would also constitute grounds for imposing appropriate sanctions,
20 specifically the dismissal of this action with prejudice for failure to comply with court orders and
21 applicable rules and for lack of prosecution. (Doc. No. 31 at 3.) The time for plaintiff to respond
22 has expired and plaintiff has not responded to the court's order in any way.
23 /////

---

[2] The court's September 6, 2012 order was consistent with verbal orders issued by the undersigned to plaintiff at the August 31, 2012 hearing. In this regard, despite being ordered at the August 31, 2012 hearing to file either an opposition to defendants' motions to dismiss or a notice of voluntary dismissal by September 21, 2012. Nonetheless, plaintiff failed to do so.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Under the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Id. Failure to appear at the hearing of a properly noticed motion may, in the discretion of the court, be deemed withdrawal of any written opposition that was timely filed, or may result in sanctions. Local Rule 230(i).

Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has failed to file a timely response to defendants' motions to dismiss and failed to appear at the hearing of the properly noticed motions, in violation of

multiple provisions of Local Rule 230.  The court issued an order to show cause that provided plaintiff with yet another opportunity to show good cause for her failure to respond to defendants' motions but plaintiff failed to respond in any way.  The order to show cause warned plaintiff that failure to file a written response to the order to show cause would be deemed a statement of non-opposition to the granting of the motion.  In light of that warning, plaintiff's failure to respond should be deemed a statement of non-opposition to the granting of the motions to dismiss filed by defendants and their motions should be granted.

Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile, and the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility as to any defendant.  The undersigned will therefore recommend that this action be dismissed with prejudice as to all defendants due to plaintiffs' failure to prosecute as well as her failure to comply with the court's orders.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (Doc. Nos. 5, 13, 22, & 26) be deemed unopposed and, so deemed, be granted;

2. Plaintiff's claims against all defendants be dismissed with prejudice due to lack of prosecution, as evidenced by plaintiff's failure to file opposition or a statement of non-opposition to the motions to dismiss filed on behalf of defendants, failure to appear at the hearing of the motion to dismiss, and failure to prosecute the action in any manner since June 4, 2012; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\mendez1491.dlop.f&rs